Jelke, J.
These are not cases involving actual or constructive fraud, where the transfer is good as against the grantor, but voidable at the suit of a creditor.
The transfer under consideration in these cases was absolutely void at all times and between all parties, both at common law and under our statutes, resting upon a gambling consideration, which in law is no consideration. It is not true as contended by counsel for Rosa Wachtel that at common law where such a transaction was executed the title was *732 permitted to remain in the transferee, The transferrer being out of possession, was in such cases in pari delicto with the transferee, and could obtain no standing in court. That does not mean that such a transfer hád any legal attributes or that there was any recognition of title having changed.
H. P, Kaufman, for Plaintiff in Error.
Adolph L. Brown and Frank Seinsheimer, for Defendants in Error.
The assignee, as the representative of all creditors, including Rosa Wachtel, succeeded to all the property rights of Joseph Wachtel without incurring any of his personal odium or disability. Therefore, on November 27, 1894, title to the property represented by these policies of insurance passed to Seinsheimer, assignee. An action under Revised Statute,,-6344, by a creditor is not necessary. An action by the assignee to compel Campbell to surrender these policies is proper.
We approve the opinion of the court of common pleas (Hollister, J.) in 7 Nisi Prius, p. 507.
Judgment affirmed.